UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL MILLER,

    Petitioner,

-vs-                                                                           Case No. 8:19-cv-352-T-02CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Miller, a Florida inmate, initiated this action, through counsel, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent filed a limited response to the petition, which incorporates a motion to dismiss the petition as time-barred (Doc. 9). Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

Mr. Miller was convicted of lewd or lascivious molestation and sentenced on March 30, 2012, to 20 years in prison (Doc. 1, docket p. 1). His conviction and sentence were affirmed on appeal on May 17, 2013 (*Id.*, docket p. 2; Doc. 10-2, docket pp. 20-21).

In January 2013, Mr. Miller filed a *pro se* Motion for Post Conviction Relief under Rule 3.850, Florida Rules of Criminal Procedure (Doc. 10-2, docket pp. 2-13). The motion, however, was dismissed because the state circuit court was without jurisdiction to rule on it, since Mr. Miller's direct appeal was still pending (*Id.*, docket pp. 17-18). On March 9, 2015, Mr. Miller, through counsel, filed a second Rule 3.850 motion (*Id.*, docket pp. 23-43). That motion was denied on April

24, 2017 (*Id.*, docket pp. 45-54). The denial of the motion was affirmed on appeal, and the appellate court's mandate issued on March 8, 2018 (*Id.*, docket p. 56). Mr. Miller thereafter filed his federal habeas petition in this Court on February 8, 2019 (Doc. 1).

**Discussion**

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Mr. Miller's judgment of conviction became final. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for federal habeas petitions. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Because Mr. Miller's judgment was affirmed on appeal on May 17, 2013, it became final 90 days later, on August 15, 2013, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. *Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Although Mr. Miller filed a Rule 3.850 motion in January 2013, it was not "properly filed" for purposes of tolling the AEDPA's limitations period because the circuit court was without jurisdiction to rule on the motion while Mr. Miller's direct appeal was still pending. *See Rashard v. Sec'y, DOC*, 2017 WL 176906, at *2 (M.D. Fla. Jan. 17, 2017) ("Only properly filed motions toll the [AEDPA's] limitation period.") (citing 28 U.S.C. § 2244(d); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)); *Artuz*, 531 U.S. at 8-9 ("[A]n application is '*properly* filed' when

its delivery and acceptance are in compliance with the applicable laws and rules governing filings. . . If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but not *properly filed*.") (emphasis in original); *Daniels v. State*, 712 So. 2d 765 (Fla. 1998) ("[D]uring the pendency of a defendant's direct appeal, the trial court is without jurisdiction to rule on a motion for postconviction relief."). The AEDPA's limitations period therefore expired on August 15, 2014, one year after Mr. Miller's judgment became final on August 15, 2013.[1] Accordingly, Mr. Miller's petition, filed in February 2019, is time-barred.[2]

It is therefore **ORDERED** that Respondent's motion to dismiss (Doc. 9) is **GRANTED**. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The **Clerk** shall enter judgment against Mr. Miller and close this case.

**Certificate of Appealability and Leave to Proceed on Appeal In Forma Pauperis Denied**

A certificate of appealability will issue only if Mr. Miller makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v.*

---

[1] Mr. Miller's March 2015 Rule 3.850 motion did not toll the AEDPA's limitations period because it already had expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where a Rule 3.850 motion is filed after the expiration of the federal limitations period, it does not toll the period under § 2244(d)(2) because no period remains to be tolled).

[2] Petitioner does not allege entitlement to equitable tolling of the limitations period, or actual innocence. *See McQuiggin v. Perkins*, U.S., 133 S. Ct. 1924 (2013) (actual innocence can overcome the statute of limitations in AEDPA); *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[28 U.S.C] § 2244(d) is subject to equitable tolling in appropriate cases.").

*Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Mr. Miller cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on \_\_\_\_July 1st\_\_\_\_, 2019.

_____
WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to: Counsel of Record